UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **HOWARD WERTHER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-2137 |
| | ) | |
| **DELMAR GARDENS OF** | ) | |
| **CHESTERFIELD, INC.** | ) | |
| | ) | |
| Serve: | ) | |
| **CT Corporation System** | ) | |
| **120 South Central Avenue** | ) | |
| **Clayton, MO 63105** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff Howard Werther ("Plaintiff"), by and through his undersigned counsel, and, for his Complaint under 42 U.S.C. § 12181, *et seq*. (Title III of the Americans with Disabilities Act), 42 U.S.C. § 3604(f)(3)(B) (Fair Housing Amendments Act), and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, seeking declaratory and injunctive relief from this Court against Defendant Delmar Gardens of Chesterfield, Inc. ("Defendant"), alleges as follows:

### PARTIES

1. Plaintiff is an individual over the age of 18 and living with disabilities; he currently resides by contract or arrangement in St. Louis County, Missouri at the Delmar Gardens residential care facility in Chesterfield.

2. Defendant is a corporation organized and existing in good standing under the laws of the State of Missouri with Charter Number 00261329, and is the owner, or lessor or lessee, and operator of the Delmar Gardens residential care facility where Plaintiff resides.

1

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over this civil action under 28 U.S.C. § 1331, as all of Plaintiff's causes of action arise under Federal Statutes, and under 28 U.S.C. § 1343(a)(4), as this is an action to secure equitable and other relief under Acts of Congress providing for the protection of civil rights.

4. Declaratory relief is authorized by 28 U.S.C § 2201 and Federal Rule of Civil Procedure 57; and this Court may order injunctive relief under the Americans with Disabilities Act, the Fair Housing Amendments Act, the Rehabilitation Act, and under Federal Rule of Civil Procedure 65.

5. This Court has personal jurisdiction over Defendant, as its principle place of business is located in the Eastern District of Missouri, and all of the events giving rise to this action occurred and continue to occur within the Eastern District of Missouri.

6. Venue is proper in the Eastern District of Missouri under 28 U.S.C. § 1391(b), in that Defendant is subject to personal jurisdiction within the Eastern District of Missouri, and the events that give rise to this action occurred, and continue to occur, within the Eastern District of Missouri.

7. Divisional venue is proper in the Eastern Division because the events leading to the claims for relief arose in St. Louis County.  E.D. Local Rule 2.07(A)(1); (B)(1).

## FACTUAL ALLEGATIONS

8. Plaintiff is a person living with disabilities after having suffered a cerebral vascular incident over twenty years ago, which left him with paralysis on his right side, as well as expressive aphasia.  Plaintiff also suffers from rotator cuff damage and arthritis.

9. Because of his physical disabilities, since about 2002 Plaintiff has been using a powered wheelchair for mobility so he can get around both inside and outside his residence, and in all public and private places in the community, as he is unable to self-propel in a manual wheelchair.

10. Plaintiff needs his powered wheelchair so he can move around his Delmar Gardens home for his personal enjoyment, health, recreation, companionship, entertainment, nutrition, medical needs, education, stimulation, social well-being, emotional well-being, freedom, dignity, independence, and his overall quality of life.

11. Without his powered wheelchair, Plaintiff is severely restricted and limited, and is rendered totally dependent on the sporadic and unpredictable availability and willingness of others to push him in a manual wheelchair, depriving Plaintiff of his human dignity, independence, and enjoyment of a quality life.

12. Plaintiff began residing at Delmar Gardens around August 2015, and enjoyed unfettered access to, and use of, his powered wheelchair there until about June 13, 2016, when Defendant physically took Plaintiff's powered wheelchair from him, denying Plaintiff's use of it in his own residence ever since then.

13. Defendant is not denying Plaintiff his wheelchair out of any medical need.

14. Plaintiff's physician Doctor Fischer has opined in a medical record dated July 25, 2017, and provided to Defendant, that Plaintiff is able to operate and maneuver his powered wheelchair in a safe manner; he can propel independently and avoid obstacles; and Plaintiff should be able to operate the wheelchair safely at his Delmar Gardens residence; there is no contrary physician opinion.

15. Plaintiff is in fact able to safely operate and maneuver his powered wheelchair in a safe manner at all times and places including in his residence, at the Zoo, in restaurants and museums, and at doctor appointments at St. Luke's hospital.

16. Plaintiff has never caused injury to himself or to any other person through the independent operation or use of his powered wheelchair in his Delmar Gardens residence or any other place.

17. After Plaintiff's repeated requests to Defendant for access to his powered wheelchair, Defendant has repeatedly refused to permit any access to Plaintiff to use his powered wheelchair in his residence in Delmar Gardens.

18. Defendant does permit access to Plaintiff to use his powered wheelchair outside of his residence, and in all other public and private places in the world, but not in his own home, where all other residents, visitors, and other pedestrians are permitted free and open use to come and go.

19. Defendant is unwilling to formulate a compromise, modification, or accommodation in its rules, policies, practices, or services by which Plaintiff could have access to his powered wheelchair in his residence, depriving Plaintiff the equal opportunity to use and enjoy the Delmar Gardens residential care facility in Chesterfield like all other residents, visitors, and pedestrians.

## COUNT I
(Americans with Disabilities Act, Title III, 42 U.S.C. § 12181, *et seq.*)

20. Plaintiff incorporates by this reference the allegations set forth in paragraphs 1-19 as if fully set forth herein.

21. Title III of the ADA prohibits discrimination in public accommodations and establishes a "general rule" that:

4

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

22. The ADA defines discrimination to include:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities. . . .

42 U.S.C. § 12182(b)(2)(A)(ii).

23. Title III also prohibits places of public accommodation from denying persons with disabilities "[t]he opportunity . . . to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i).

24. Plaintiff is a person with disabilities as defined under the ADA, specifically as an individual who must use a wheelchair to get around, and Defendant is a private entity that owns, leases, or operates a place of public accommodation as defined under the ADA; specifically, a nursing facility providing services to residents and their family members as a social service center establishment, including medical care, assistance with daily living activities, provision of meals, transportation, counseling, and organized recreational activities.

25. Plaintiff is an individual who has entered into a contractual or other arrangement with Defendant to enjoy full, independent, unfettered, integrated use and access to Defendant's goods, services, facilities, privileges, advantages and accommodations in his home at Delmar

5

Gardens, and the opportunity to participate in the same that is not separate or different than the opportunity afforded to other residents of Delmar Gardens.

26. Defendant's denial of Plaintiff's access to, and use of, his powered wheelchair in his residence has the effect of discriminating against Plaintiff on the basis of his disability, and screens out Plaintiff from fully and equally enjoying the goods, services, facilities, privileges, advantages, or accommodations afforded to residents at Delmar Gardens.

27. Defendant has discriminated against Plaintiff based upon Plaintiff's disabilities, by failing to make a requested reasonable accommodation or modification in its policies, practices, or procedures that is necessary to accommodate Plaintiff's disabilities; specifically, by providing access to Plaintiff to use his powered wheelchair, instead of engaging in a policy of denial of a powered wheelchair to Plaintiff.  This reasonable accommodation would not require Defendant to fundamentally alter any of its goods, services, activities or privileges, and would not create an undue burden for Defendant, nor present any threat of harm to any person.

28. Defendant's denial of Plaintiff's access to, and use of, his powered wheelchair in the Delmar Gardens facility in Chesterfield is a violation of the ADA, Title III, subjecting Defendant to the imposition of declaratory and injunctive relief as more fully alleged and prayed for below, including the imposition of the costs and litigation expenses of this action, and payment of Plaintiff's attorney's fees incurred herein under 42 U.S.C. § 12205.

## COUNT II
(Fair Housing Amendments Act, 42 U.S.C § 3601, *et seq.*)

29. Plaintiff incorporates by this reference the allegations set forth in paragraphs 1-28 as if fully set forth herein.

30. The FHAA makes it unlawful:

> To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of [a person].

42 U.S.C. § 3604(f)(2)(A).

31. The FHAA's definition of a prohibited discrimination encompasses:

> [A] refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

42 U.S.C. § 3604(f)(3)(B).

32. The FHAA imposes an affirmative duty upon owners and operators of dwellings, such as Defendant, to accommodate the needs of persons living with disabilities, such as Plaintiff.

33. A "dwelling" is defined under the FHAA, in part, as: "[a]ny building, structure, or portion thereof which is occupied as, or designated as, a residence by one or more families. . . ." 42 U.S.C. § 3602(b).

34. The Delmar Gardens residential care facility in Chesterfield is a dwelling under the FHAA, and is Plaintiff's residence, where he intends to reside possibly for the rest of his life.

35. Plaintiff is an aggrieved person and is able to pursue this action under 42 U.S.C. § 3613(a)(1)(A).

36. Plaintiff suffers from a disability as defined by the FHAA, and Defendant, by and through its agents and employees, knows of and is aware of Plaintiff's disability, having seen Plaintiff in the Delmar Gardens residential care facility, in and out of his wheelchair, and having interacted with Plaintiff on many occasions; also, because this is a residential care facility for

people who need assistance with care, and Defendant knowingly provides services to Plaintiff for his medical and daily living needs.

37. The accommodation Plaintiff has requested, that he have access to, and the use of, his powered wheelchair, is necessary to afford Plaintiff an equal opportunity to enjoy his residence and dwelling at Delmar Gardens, same as all other residents there, because without such access and use Plaintiff is deprived of enjoyment and quality of life.

38. Plaintiff's requested accommodation is necessary because it will affirmatively enhance Plaintiff's quality of life by ameliorating the effects of Plaintiff's disabilities; and, but for the accommodation, Plaintiff will be denied an equal opportunity to enjoy his housing at Delmar Gardens.

39. Defendant has refused to make Plaintiff's requested accommodation and continues to deprive Plaintiff of access to his powered wheelchair, denying Plaintiff, on the basis of his disabilities, the equal opportunity to use and enjoy his dwelling and home.

40. Defendant's denial of Plaintiff's access to, and use of, his powered wheelchair in his residence is a violation of the FHAA, subjecting Defendant to the imposition of declaratory and injunctive relief as more fully alleged and prayed for below, including the imposition of the costs of this action, and payment of Plaintiff's attorney's fees incurred herein under 42 U.S.C. § 3613(c).

## COUNT III
(Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794)

41. Plaintiff incorporates by this reference the allegations set forth in paragraphs 1-40 as if fully set forth herein.

42. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, prohibits any program or service that receives federal funding from discriminating against an individual with disabilities solely by reason of his disabilities, stating in pertinent part:

> No otherwise qualified handicapped individual in the United States as defined in section 706(7) of this title shall, solely by reason of his handicap, be excluded from participation in, be denied the benefits of or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794.

43. A "handicapped individual" for purposes of the Act is defined as:

> [A]ny person who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such impairment, or (iii) is regarded as having such an impairment.

29 U.S.C. § 706(7)(B).

44. Plaintiff is a qualified individual under the Act because his disabilities, including his hemiplegia, expressive aphasia, arthritis, and rotator cuff damage substantially limit him in one or more major life activities, he has a record of those disabilities, and he is regarded as having them.

45. Defendant's Delmar Garden facility in Chesterfield engages in programs and activities that receive Federal financial assistance, such as Medicare, and Section 504 applies to nursing homes that receive federal funding.  42 CFR Part 483.

46. Defendant's refusal to permit Plaintiff access to, and use of, his powered wheelchair in the Delmar Gardens facility discriminatorily denies Plaintiff access to programs and services at Delmar Gardens, such as full use of the physical facilities, recreational

opportunities, social experiences, educational offerings, and other programs and services, effectively excluding him based solely on his disabilities.

47. Plaintiff is otherwise qualified to access and take part in all activities, programs, and services at Delmar Gardens.

48. Reasonably accommodating Plaintiff by providing him access to, and use, of his powered wheelchair would not require any fundamental modification of any activities, programs, or services, or place any undue burden on Defendant.

49. Defendant's denial of Plaintiff's access to and use of his powered wheelchair in his residence is a violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, subjecting Defendant to the imposition of declaratory and injunctive relief as more fully alleged and prayed for below, including the imposition of the costs of this action, and payment of Plaintiff's attorney's fees incurred herein under 29 U.S.C. § 794a(b).

## DECLARATORY JUDGMENT ALLEGATIONS

50. Plaintiff incorporates by this reference the allegations set forth in paragraphs 1 through 49 as if fully alleged herein.

51. Plaintiff is requesting this Court's entry of a judgment declaring the legal rights, duties, and obligations of the parties to this action under 28 U.S.C. § 2201(a) and Federal Rule of Civil Procedure 57.

52. Based on the foregoing allegations incorporated herein there is an existing and substantial justiciable controversy; Plaintiff has suffered and continues to suffer injury and violation of his rights under the foregoing Federal Statutes by Defendant, requiring immediate relief from this Court; and Plaintiff has no adequate remedy at law.

53. All parties necessary for this Court to enter a Declaratory Judgment and who may be adversely affected by such relief are before the Court, and declaratory relief will be effective in finally settling the controversy more fully alleged above, which would otherwise continue indefinitely.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff respectfully requests this Court's entry of judgment against Defendant as follows:

1. That this Court enter a temporary restraining order, and a preliminary and permanent injunction restraining Defendant, its officers, agents, employees, and all other persons acting in concert with them, from depriving Plaintiff of access to, and use of, his powered wheelchair within his residence at all times and places;

2. That this Court enter a Declaratory Judgment declaring that Plaintiff shall have reasonable access to, and use of, his powered wheelchair in his residence at Defendant's Delmar Gardens facility in Chesterfield at all times and places;

3. That this Court declare Plaintiff has no adequate remedy at law, and that unless Defendant is enjoined from denying Plaintiff access to his powered wheelchair Defendant will continue denying such access indefinitely;

4. That this Court declare the legal rights and obligations of the parties to this action, under the ADA, the FHAA, and Section 504 of the Rehabilitation Act, including a declaration of such accommodation or modification of Defendant's policies, practices or procedures as this Court deems fair, reasonable, and equitable in the circumstances, so that Plaintiff can fully and equally enjoy the goods, services, facilities, privileges, advantages, or accommodations afforded to all other residents at Delmar Gardens;

11

5. That this Court issue the requested injunctive relief without a condition of bond or other security being required by Plaintiff;

6. That this Court place this matter on the expedited track for a speedy hearing under Federal Rule of Civil Procedure 57;

7. That this Court award Plaintiff his costs and expenses, including his attorneys' fees, under 42 U.S.C. § 12205, 42 U.S.C. § 3613(c), and/or 29 U.S.C. § 794a(b).

8. For such other and further relief as the Court deems just and equitable.

MISSOURI PROTECTION AND
ADVOCACY SERVICES

/s/ *Tom Pirmantgen*
Tom Pirmantgen, #52384MO
Susan Eckles,     #38641MO
Vincent Heitholt, #68129MO
925 South Country Club Drive
Jefferson City, MO  65109
tom.pirmantgen@mo-pa.org
Ph. 573-893-3333 ext. 115
Fx. 573-893-4231

*Attorneys for Plaintiff*